SUPREME COURT OF ERRORS, OCTOBER, A. D. 1789.

FITCH v. HAMLIN.

In a loan of final settlement notes, an agreement to secure the re-
payment of said final settlements at a future day, in notes of the
same tenor, date and value, with the lawful interest; and to
give a note for a further sum in good money for the loan of said
final settlements, is a corrupt agreement and will render both
notes given in pursuance of such agreement usurious, and void
by the statute.

ERROR to reverse a judgment of the Superior Court ren-
dered at Windham, March term, A. D. 1787; reported in
Kirby, page 260; which judgment was reversed for the fol-
lowing reasons, viz.

Hamlin sued Fitch upon a note given by Fitch and Camp-
bell, on the 1st of March 1784, for $16,839 16-90 in final
settlement notes, received to be repaid in notes of same tenor,
dates and value, in six months and lawful interest.

In bar of which action, the defendant plead the statute
against taking unlawful interest, and that more than lawful
interest was included in and secured by said note by the
corrupt agreement of the parties, etc. upon which the parties
were at issue to the jury — who found the following verdict,
viz.

Hamlin v. Fitch.   In this case the jury find, that on the
day of the date of the note on which, etc. it was corruptly
agreed, by and between the plaintiff and said Campbell and
the defendant; that said Campbell and the defendant, should
execute the note on which, etc. to the plaintiff; and it was
also agreed, that said Campbell should give to the plaintiff
his note for $1,000 lawful money, for the loan, interest
and forbearance of the sum loaned and secured in the note on
which, etc. for the term of six months, over and above the
lawful interest; and that the defendant and said Campbell did
in pursuance of said corrupt agreement, and as part and parcel
of the same, contract, make and execute to the plaintiff the
note on which, etc. and the said Campbell did make and exe-
cute his note to the plaintiff for the sum of £300 payable

in six months; and that there is included in and secured by said two notes, the sum of $1,000 in silver, for the loan, interest and forbearance of $16,839 16-90 dollars in said certificates, over and above the lawful interest, at the rate of 6 per cent. per annum, by the corrupt agreement of said parties, and for no other cause or consideration; all in manner and form as the defendant in his plea and rejoinder has alleged, and therefore find for the defendant his cost — which verdict found the defendant's plea in bar in the very terms of it, to be true.

Upon which, Hamlin moved in arrest of judgment, 1st. That the issue is immaterial; 2d. That said note is for final settlement securities, in a depreciating condition, and subject to a total loss in the course of six months, or to more than the value of £300 lawful money.

Judgment — That the motion in arrest is sufficient, and a repleader ordered. Upon a repleader the pleadings were in substance the same as before; to which a demurrer was given by the plaintiff, and the same exceptions taken as in the motion in arrest. Judgment — That the plea in bar is insufficient. The judgment of the Superior Court was reversed, for the following reasons, viz. The point of a loan, and a corrupt agreement between the parties and William Campbell, was upon the first trial, put directly in issue to the jury, by the most correct and approved forms of pleading; and by them found for the plaintiff in error, in the very terms of the issue joined; the arrest of judgment goes upon the ground, that no corrupt agreement could exist in a case of this nature, when the thing loaned, was in a depreciating condition and of a perishable nature, and where the depreciation was at the risk of the lender.

1st. The jury were the proper judges not only of the fact, but of the law, that was necessarily involved in the issue; not only that there was in fact reserved by the agreement for loan and forbearance, more than at the rate of 6 per cent.

per annum.; but also of the legal deduction, that it was reserved by corrupt agreement; if the circumstances of the thing loaned were such, that no corrupt agreement could arise out of the transaction, the jury should have found for the defendant in error, whatever sums were secured by the notes; but as they have found a corrupt agreement, it is too late for the court to say there was no such corrupt agreement; the point being determined by the proper judges.

2d. That the thing loaned, was in a depreciating condition and of a perishable nature, does not appear from the pleadings; and the court would not determine the fact by an inquiry *in pais*, nor by any matters *dehors* the record, upon the motion in arrest; this fact therefore, which was the sole ground of arresting the judgment, the court assumed without proof.

3d. Had there been evidence of the fact, it would not have justified the court, in arresting the judgment, or for giving judgment for the defendant in error on the demurrer; for there is no article whatever that can be loaned, but what may and frequently does, change its relative value, not excepting gold and silver coins; and if it be lawful for the lender to reserve more than at the rate of 6 per cent. per annum, to secure him from a possible loss, arising from a depreciation in one thing, he may in all; but this would destroy the statute against taking unlawful interest and render it of no effect.

4th. Whether at the time of the contract, in the present case, the article loaned would depreciate or appreciate, was perfectly uncertain, and a contract which in its creation, was usurious, could never be saved by a subsequent contingent loss in the value of the principal loaned.

5th. This contract was not a bargain of hazard as in the case of money lent on bottomry bonds, where the lender, by the act of lending, is exposed to the loss of his whole principal; but in this case the securities loaned were equally liable to loss by depreciation in whosoever hands they were, and the lending did in no measure increase the risk.